[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated appeal taken from a final judgment of the Girard Municipal Court. Appellant, H.J. Son, appeals from her conviction for soliciting following a trial to the bench.
On April 12, 1997, Detective Donald Mills ("Detective Mills") of the Liberty Township Police Department entered Todai Health Spa, a massage parlor located in Trumbull County, Ohio. The detective was conducting an undercover investigation of possible criminal conduct taking place at the spa.
Inside the establishment, a woman named Chin Johnson ("Johnson") greeted Detective Mills. Johnson recited the price rates for a massage, and the detective proceeded to pay $40 for a forty-minute massage. Johnson then directed Detective Mills to wait in a smaller room located in the rear of the building where the massage would take place.
After several minutes, appellant entered the room and instructed Detective Mills to disrobe for the massage. The detective complied and then laid nude on a table which was in the room. Appellant subsequently massaged his back, legs, and arms.
At some point during the massage, appellant excused herself in order to use the restroom. According to Detective Mills, she grabbed his genitals upon returning and began to massage them vigorously while saying "I want you to come for me." Detective Mills then sat up on the table and told appellant that he needed to use the restroom. The detective managed to take his clothes with him into the bathroom where he got dressed and signaled for backup which was waiting outside of the spa. Another police officer entered the building and placed appellant under arrest.
Appellant was charged with soliciting in violation of R.C.2907.24(A) and acting as a masseuse without a license in violation of R.C. 503.42(B). She pled no contest to the latter charge and was sentenced accordingly.
The complaint against appellant for soliciting proceeded to a bench trial on October 9, 1997. Detective Mills testified on behalf of the state. At the close of the state's case, counsel for appellant moved for a judgment of acquittal on the ground that the prosecution had failed to prove that appellant solicited any money from Detective Mills in exchange for engaging in sexual activity with him. The trial court overruled the motion.
The case was thereafter continued until December 18, 1997. At that time, the defense called appellant as its only witness. On both direct and cross-examination, appellant denied that she ever touched Detective Mills' genitals or spoke with him about sex. Following closing arguments, the trial court convicted appellant of soliciting and sentenced her to thirty days in jail and a $500 fine. Twenty-seven days in jail and $250 of the fine were suspended. The trial court then granted appellant's motion to stay execution of the sentence pending appeal.
From this judgment, appellant filed a timely appeal with this court in which she asserts the following assignment of error:
 "The court erred in finding the defendant-appellant guilty of soliciting under ORC 2907.24(A) since the defendant-appellant did not entire [sic], urge, lure, or ask for money in exchange for sexual performance."
In her sole assignment of error, appellant challenges the sufficiency of the evidence underlying her conviction for soliciting. The standard for evaluating the sufficiency of evidence "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins
(1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Thus, the function of an appellate court is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.
Appellant was convicted of soliciting in violation of R.C.2907.24(A) which provides that "[n]o person shall solicit another to engage with such other person in sexual activity for hire." The offense of soliciting, therefore, consists of three elements: (1) the solicitation of another by the accused;[1] (2) to engage in sexual activity; (3) for hire. R.C. 2907.24(A); Statev. Petruzzi (Mar. 1, 1979), Cuyahoga App. No. 38487, unreported, at 5, 1979 Ohio App. LEXIS 8653.
As for the first element, Ohio Jury Instructions defines "solicit" as "to entice, urge, lure or ask." 4 Ohio Jury Instructions (1997), Section 507.24, at 199. With regard to the second element, R.C. 2907.01(C) defines "sexual activity" as encompassing both "sexual conduct" and "sexual contact."[2]
Thus, a wide array of conduct falls within the definition of sexual activity, including vaginal intercourse, anal intercourse, fellatio, cunnilingus, the insertion of any body part or other object into the vaginal or anal cavity of another, and any touching of an erogenous zone of another for the purpose of sexual arousal or gratification. Finally, the third element of "for hire" is defined by Ohio Jury Instructions as "for pay or compensation." 4 Ohio Jury Instructions (1997), Section 507.24, at 200.
In the case sub judice, there was certainly evidence adduced at trial by which a rational trier of fact could have found the first two elements of the offense proven beyond a reasonable doubt. Detective Mills testified that appellant grabbed his genitals and massaged them vigorously while stating "I want you to come for me." Such uninvited enticement certainly rose to the level of a solicitation.[3] Moreover, the act of massaging the detective's genitals constituted sexual activity as defined by R.C. 2907.01.
Appellant denied committing this act, but the trial court obviously found the testimony of Detective Mills to be more credible. It is well-established that the credibility of witnesses is for the trier of fact to decide. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Although the state proved that appellant did solicit sexual activity, it failed to establish the third element, to wit: that appellant solicited such activity "for hire." There was absolutely no testimony to the effect that appellant ever asked for or received any money in exchange for performing the sexual act on Detective Mills. In fact, the detective testified as follows:
 "Q. The money you paid when you went in, you paid to Chin Johnson?
"A. Yes.
"* * *
 "Q. Was there money exchanged between yourself and H.J. Son?
"A. No.
 "Q. Just with Chin on this particular evening, correct?
"A. Yes.
 "Q. Was there any conversation about money with H. J. Son?
"A. No[,] there wasn't."
This testimony was actually elicited from Detective Mills on direct examination by the prosecutor. On cross-examination by defense counsel, the detective again admitted that appellant neither requested nor received any money from him.
In the case at bar, the facts established that Detective Mills purchased a forty-minute massage at Todai Health Spa by paying $40 to Johnson. Appellant thereafter administered the massage. There was no testimony that the detective was led to believe that a sexual act was included within the $40 price for the massage. Thus, it is apparent that Detective Mills ultimately received exactly what he paid for: a massage.
Although appellant performed a sexual act on Detective Mills during the course of the massage, this was not enough by itself to establish that she was guilty of soliciting under R.C. 2907.24(A). Quite simply, the offer by appellant to perform a sexual act on Detective Mills was apparently gratuitous under the facts that prevailed in this case.
In order to be guilty of soliciting, appellant had to solicit sexual activity for hire (i.e., for pay or compensation). Despite the fact that appellant did solicit Detective Mills to engage in sexual activity, she neither asked for nor received any money from him, thereby precluding the trial court from finding that there was an offer to engage in this conduct for hire. There was simply no evidence that this was a situation wherein money or other compensation was solicited in exchange for the performance of a sexual act. See, e.g., State v. Klinger (Aug. 6, 1982), Lucas App. No. L-82-115, unreported, 1982 Ohio App. LEXIS 14406 (upholding conviction for soliciting after masseuse solicited an additional $40 at the conclusion of massage in exchange for performing oral sex on undercover police officer); State v.Russell (Oct. 28, 1991), Butler App. No. CA91-03-053, unreported, 1991 Ohio App. LEXIS 5185 (upholding conviction for soliciting after female dancer unfastened undercover police officer's trousers and offered to perform various sexual acts on him for $100).
The state obviously recognized that appellant never asked for or received money from Detective Mills. Consequently, the prosecutor elicited testimony from appellant on cross-examination to the effect that Todai Health Spa paid her $600 every two weeks for working as a masseuse. This was done in an apparent attempt to establish that appellant received compensation from the spa to perform sexual acts on the spa's customers, including Detective Mills. There was no testimony as to what salary or hourly rate a legitimate masseuse would receive. The $300 weekly rate is hardly an amount which is so outrageous that it requires the inference that illicit activity was taking place.
Without more, however, we conclude that this evidence was not sufficient to establish that appellant committed the offense of soliciting. The only fact established was that appellant received $600 in bi-weekly wages from Todai Health Spa. This, however, did not prove that appellant or the spa solicited sexual activity "for hire" from Detective Mills. The evidence simply demonstrated that the $600 was money paid by Todai Health Spa to appellant for her work as a masseuse.
In light of the foregoing analysis, we conclude that the state failed to prove an element of the offense of soliciting under R.C.2907.24(A).[4] Specifically, the state did not present sufficient evidence that appellant performed the sexual act for hire on Detective Mills. As such, appellant's lone assignment of error is well-taken.
One other observation is in order. The proceedings against appellant were conducted as part of a consolidated bench trial wherein multiple defendants were tried on various charges. One of the other defendants was Cong Thi Duong ("Duong") who was arrested for allegedly soliciting Detective Mills at Todai Health Spa in July 1997. Detective Mills testified against both appellant and Duong at the October 9, 1997 proceeding. The cases were thereafter continued until December 18, 1997, at which time each woman testified in her own behalf.
Upon review of the transcript, it is apparent that the trial court intermeshed the evidence that had been introduced by the state against Duong with that introduced against appellant. In rendering its verdict against appellant, the trial court recited the evidence that it relied upon to find her guilty of soliciting. The trial court stated:
 "* * * Said officer paid Johnson the sum of $40.00[,] and Johnson led him to a small room in the back of the establishment. The Defendant instructed the officer to remove his clothing [and] gave him a shower and massage. After the massage was finished[,] she asked the officer if he wanted something else. * * *
"* * *
 "Then she offered to perform sexual activity to this officer; that there was an act constituting a sexual activity performed and that there were discussions as to the price, as to how much this was in addition * * *."
However, Detective Mills never testified that it was appellant who gave him a shower prior to the massage. Furthermore, according to Detective Mills' testimony, appellant did not ask him if he "wanted something else" after the massage was finished. Finally, there were never any discussions between the detective and appellant as to how much more it would cost for her to perform a sexual act on him.
Conversely, in his testimony describing the July 1997 incident at Todai Health Spa, Detective Mills had indeed testified that Duong gave him a shower before the massage, that she asked him what else he wanted after the massage, and that she then offered to perform explicit sexual acts on him for a specific amount of money. See State v. Duong (Dec. 11, 1998), Trumbull App. No 98-T-0026, unreported. Thus, it is obvious to this court that the trial court transposed the evidence introduced against appellant with that introduced against Duong.
This confusion can be attributed to the fact that the trial court conducted a consolidated trial of multiple defendants. It also stemmed from the lapse in time between the commencement of the consolidated trial on October 9, 1997 and its conclusion on December 18, 1997. Regardless, the trial court erred by convicting appellant based on evidence that actually related only to Duong's conduct.
As discussed previously, Detective Mills' testimony against appellant was insufficient to establish that she solicited the detective to engage in sexual activity for hire. For this reason alone, appellant's conviction must be reversed.
Based on the foregoing analysis, appellant's assignment of error has merit. Accordingly, the judgment of the trial court is reversed, and judgment is hereby entered in favor of appellant. ____________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
O'NEILL, J., concur.
[1] The element of "solicitation" must be distinguished from the offense of "soliciting." The former is merely one component of the statute proscribing the latter. As used in this opinion, the words "solicitation" and "solicit" refer only to that particular element of the offense.
[2] R.C. 2907.01 provides in part:
 "(A) `Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
 "(B) `Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
 "(C) `Sexual activity' means sexual conduct or sexual contact, or both."
[3] Again, we are referring not to the overall offense of soliciting, but rather only to the element of solicitation as contained in the text of R.C. 2907.24(A). See footnote 1. Standing alone, the element of solicitation does not require any payment or compensation.
[4] Although the evidence was insufficient to establish a violation of R.C. 2907.24(A), such evidence would have been sufficient to convict appellant of violating R.C.503.42(D). The latter statute provides:
 "(D) No person employed in a massage establishment located in the unincorporated area of the township shall knowingly do any of the following in the performance of duties at the massage establishment:
 "(1) Place his or her hand upon, touch with any part of his or her body, fondle in any manner, or massage the sexual or genital area of any other person;
 "(2) Perform, offer, or agree to perform any act which would require the touching of the sexual or genital area of any other person;
 "(3) Touch, offer, or agree to touch the sexual or genital area of any other person with any mechanical or electrical apparatus or appliance;
 "(4) Wear unclean clothing, no clothing, transparent clothing, or clothing that otherwise reveals the sexual or genital areas of the masseur or masseuse;
 "(5) Uncover or allow the sexual or genital area of any other person to be uncovered while providing massages."